UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Financial Indemnity Company, | No. 2:21-cv-01585-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Charles S. Messick, et al., | |
| Defendants. | |

This matter is before the court on defendant's motion to dismiss. The court submitted the matter without oral argument. For the reasons below, the court **grants** defendant's motion.

I.  BACKGROUND

On November 18, 2018, Charles C. Messick ("Driver") lost control of the car he was driving, rolled down an embankment, and collided with a fence in Moffat County, Colorado. *See* First Am. Compl. ¶ 14, ECF No. 6. Charles S. Messick ("Passenger") was riding in the car and sustained "catastrophic injuries." *Id.* Driver passed away as a result of injuries sustained in the accident.[1] *Id.*

/////

---

[1] Charles S. Messick's counsel informed the court that Mr. Messick has also passed away. *See* Statement of Death, ECF No. 20. The court substituted Jon Messick, the administrator of Mr. Messick's estate, as the defendant in this case. *See* Order, ECF No. 22.

1

1    At the time of the accident, Driver was a "listed driver" on a one-year California
2 commercial vehicle insurance policy issued on March 15, 2018 by plaintiff Financial Indemnity
3 Company ("FIC"). *Id.* ¶ 7.  The policy also included Charles S. "Merrick" -- not "Messick" -- as
4 a "listed driver." *Id.*  This was a spelling error:  Both parties intended to include Passenger,
5 Charles S. Messick. *Id.*  Importantly, the insurance policy contains an exclusion ("Exclusion 19")
6 providing that "coverage does not apply" to "[b]odily injury to any insured person." *Id.* ¶ 11.
7 The policy does include coverage, however, when an uninsured or underinsured motorist harms
8 an insured. *Id.* ¶ 16.

9    After the accident, Passenger asserted a claim against Driver seeking damages for bodily
10 injuries arising out of the accident. *Id.* ¶ 15.  The claim was tendered to FIC in FIC's capacity as
11 Driver's insurer. *Id.*  FIC denied coverage, citing Passenger's status as an insured and asserting
12 that coverage was therefore barred under Exclusion 19. *Id.*  Passenger then asserted a different
13 claim as an insured of FIC's: because FIC's previous denial of coverage rendered the vehicle
14 involved in the accident an "uninsured vehicle" with respect to Passenger, Passenger claimed
15 coverage under the uninsured/underinsured policy. *Id.* ¶ 16.  This time, FIC paid Passenger
16 $1,000,000, the maximum for the uninsured/underinsured policy. *Id.*  Approximately seven
17 months later, Passenger sued Driver's estate in Colorado state court, seeking damages for bodily
18 injury based on Driver's alleged negligent and reckless operation of the vehicle. *Id.* ¶ 17.  This
19 action also was tendered to FIC, which is defending Driver's estate.

20    FIC filed suit against Driver and Passenger in this court on September 3, 2021, seeking
21 declaratory relief regarding its contractual obligations and seeking to reform the insurance policy
22 to correct Passenger's misspelled name. *See generally* First Am. Compl.  The clerk entered
23 default against Driver's estate on November 3, 2021.  *See* ECF No. 12.[2]  Passenger filed his
24 motion to dismiss on November 5, 2021.  *See* ECF No. 13.  FIC opposes, ECF No. 14, and
25 /////

---

[2] FIC has not moved for default judgment against Driver's estate.  It should address the apparent need for a motion in the joint status report to be filed prior to the Status (Pretrial Scheduling) Conference set for July 28, 2022.  *See* ECF No. 23.

2

Passenger has replied, ECF No. 15. The court submitted the motion without a hearing and resolves it here.

## II. DISCUSSION

Passenger seeks to dismiss both of FIC's claims: (1) that it does not have a duty to defend or indemnify; and (2) for reformation of its insurance contract. *See generally* Mot. Dismiss. A threshold question is which state's law applies, and so the court starts there.

### A. Choice of Law

In diversity actions, a federal district court applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). California courts use both common law and statutory choice of law rules. *Compare, e.g.*, *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107–08 (2006) (describing common law "governmental interests" test) *with, e.g.*, *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1459–61 (2007) (applying Cal. Civ. Code § 1646). In *Frontier Oil*, the California court of appeal thoroughly reviewed the history of both the governmental interests test and section 1646 before concluding that section 1646 governs disputes involving the interpretation of contracts. *See* 153 Cal. App. 4th at 1454–61 ("The California Supreme Court has never applied the governmental interest analysis to determine the law governing the interpretation of a contract and has never stated or suggested that section 1646 does not determine the law governing the interpretation of a contract."). Accordingly, California Civil Code section 1646 governs the contract claims at issue in this case.

Under section 1646, a "contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646; *Frontier Oil*, 153 Cal. App. 4th at 1450. Here, the FIC Policy does not clearly indicate a place of performance. The FIC Policy contemplates coverage "within the United States, its territories or possessions, or Canada or between their ports." FIC Policy at 25,[3] First Am. Compl. Ex. 1, ECF No. 6-1. As Passenger

---

[3] To avoid confusion, pages cited here are those printed on the top right page of the document by the CM/ECF system.

points out, the FIC Policy has numerous other provisions that refer to coverage in the United States generally, *see* Mot. Dismiss at 7, with no provision specifying coverage of a particular state or states. This contrasts with the contract the court analyzed in *Frontier Oil*, which was issued in Texas but made specific reference to, for example, "claims arising out of . . . Oil and Gas Operations at 9865 Olympic Blvd., City of Beverly Hill[s], CA." 153 Cal. App. 4th at 1444.

However, even absent an express specification, "[t]he parties' intention as to the place of performance sometimes can be gleaned from the nature of the contract and the surrounding circumstances." *Id.* at 1450. In *Frontier*, the insurance policy endorsements specifically named the City of Beverly Hills and the Department of Transportation of the City of Los Angeles as insureds. *Id.* at 1461. The court found these "endorsements clearly demonstrate that the parties intended the policy to provide coverage for the insureds' oil and gas operations in Beverly Hills. . . . We therefore conclude that California was the intended place of performance . . . and that California law governs the interpretation of the policy." *Id.* at 1461–62. Here as well, unlike the insurance policy in *Frontier Oil*, the FIC Policy contemplates coverage in the United States generally, singling out no state and offering no clues that can help the court glean the parties' intention as to the place of performance.

Because the FIC Policy does not clearly indicate a place of performance, the court looks to the place the contract was made, as the statute directs. *See* Cal. Civ. Code § 1646. Under California law, "[a] contract is 'made' in the place of acceptance." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1197 (S.D. Cal. 2007) (citing *ABF Capital Corp. v. Grove Properties Co.*, 126 Cal. App. 4th 204, 222 (2005)). Although the parties do not discuss the place of acceptance, the FIC Policy lists the insurance broker and the named insureds with addresses in Marysville, California. See FIC Policy at 2. The court therefore finds the FIC Policy was made in California, and California law applies. *Cf. Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 15-00861, 2015 WL 5436784, at *5 (E.D. Cal. Sept. 15, 2015) (holding California law applied to an insurance policy whose coverage territory was defined as "The United States of America" but whose contract was made in California).

**B.      Motion to Dismiss**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

The court first analyzes whether FIC's allegations, accepted as true and construed in FIC's favor, plausibly give rise to a claim for reformation of the insurance policy. Second, using the same analysis, the court examines FIC's declaratory judgment claim in the face of the pending motion.

**1.      Reformation**

Under California law, the statute of limitations for a reformation claim based on mistake is three years. *See* Cal. Civ. Proc. Code § 338(d); *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 139 F. Supp. 3d 1141, 1165 (2015); *see also G & G Prods. LLC v. Rusic*, 902 F.3d 940, 946 (9th Cir. 2018) (federal courts sitting in diversity apply state statutes of limitation and tolling rules.). The statute of limitations begins to run when the aggrieved party discovers, or by reasonable

diligence should have discovered, the mistake. *See Lennar Mare Island,* 139 F. Supp. 3d at 1165; *Laing v. Occidental Life Ins. Co. of California*, 244 Cal. App. 2nd 811, 820 (1996). Generally, a contracting party should discover mistakes at the time the contract is executed. *See John Hancock Mut. Life Ins. Co. v. Cohen*, 254 F.2d 417, 423 (9th Cir. 1958) (noting "one who is presented with an insurance policy has the duty to read it," and finding this applies equally to the company issuing the policy); *Lennar Mare Island,* 139 F. Supp. 3d at 1165 (finding insurer should have discovered mistake at time of signing insurance contract).

FIC's reformation claim is barred by the statute of limitations. The FIC Policy was issued on March 15, 2018. *See* First Am. Compl. ¶ 6. It did not bring the reformation claim until September 3, 2021. *See generally* Compl., ECF No. 1. Because more than three years elapsed between these two events, the reformation claim is barred by the statute of limitations unless an exception applies. *See Britz Fertilizers, Inc. v. Nationwide Agribusiness Ins. Co.*, No. 10-cv-02051, 2013 WL 5519605, at *9 (E.D. Cal. Oct. 3, 2013).

FIC appears to invoke the "discovery rule," arguing the statute of limitations did not start running until sometime after March 15, 2018 because FIC was initially unaware of the mistake in the spelling of Passenger's name. The court disagrees. As the Ninth Circuit has recently explained:

> When a plaintiff's complaint clearly establishes that "his claim would be barred without benefit of the discovery rule," the discovery rule will only apply when the complaint "specifically plead[s] facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."

*Rand v. Midland Nat'l Life Ins.*, No. 20-55020, 2021 WL 1511488, at *3 (9th Cir. Apr. 16, 2021) (unpublished) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)). Neither FIC's original complaint nor its first amended complaint state any facts about the time and manner of the discovery or the circumstances surrounding FIC's earlier failure to identify the mistake. FIC's reformation claim is therefore facially insufficient. *See Fox*, 35 Cal. 4th at 815 ("A plaintiff seeking to utilize the discovery rule must plead facts to show his or her inability to have discovered the necessary information earlier despite reasonable diligence.").

In its opposition, FIC requests that if the court grants the motion to dismiss FIC be given leave to file an amended complaint that would "set forth the actual date of discovery." Opp'n at 12. The court will grant this request, given Federal Rule of Civil Procedure 15's liberality. However, the court notes that such an amended complaint must also plead facts demonstrating an "inability to have made earlier discovery despite reasonable diligence." *Rand*, 2020 WL 1511488 at *3.

Finally, FIC asserts, citing only a Missouri appellate court case, that "an obvious scrivener's error can be corrected by a court by ordinary rules of contract interpretation without the necessity of an action for reformation." Opp'n at 11 (citing *Mendota Ins. Co. v. Ware*, 348 S.W. 3d 68 (Mo. Ct. App. 2011)). FIC thus argues the court "should correct the name Charles S. Merrick to Charles S. Messick as a simple matter of contract interpretation . . . ." *Id.* But FIC did not plead this theory either. New averments in a brief cannot cure a complaint's shortcomings. *See Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). The court declines to act on this request. FIC may, however, plead this theory in its amended complaint, if it is able to subject to Federal Rule of Civil Procedure 11.

### 2. Duty to Defend/Indemnify

FIC's first amended complaint identifies two alternative bases for its declaratory judgment claim: It alleges that either Exclusion 19 or FIC's past payment of $1 million to Passenger nullified its duty to defend or indemnify Driver's estate. *See* First Am. Compl. at 6–7. Passenger argues the first amended complaint fails to state a claim as to the first basis because Colorado law applies. *See* Mot. Dismiss at 8–9.

As explained above, the court disagrees with Passenger's choice of law analysis. California law, not Colorado law, applies to Exclusion 19, and the parties do not appear to dispute that Exclusion 19 is valid under California law. However, because FIC's reformation claim is dismissed, Passenger was not an "insured" at the time of the accident. Exclusion 19 therefore /////

does not apply to Passenger.  Thus, FIC has failed to plausibly allege that Exclusion 19 nullified its duty to defend or indemnify Driver's estate; dismissal is appropriate with leave to amend..

The second basis for FIC's declaratory judgment claim also fails.  The first amended complaint does not plead any allegation to explain why past payment to Passenger would nullify FIC's obligations to Driver.  Neither does the insurance policy itself.  Because the court cannot identify a "cognizable legal theory" stemming from FIC's past payment to Passenger, *see Godecke*, 937 F.3d at 1208, FIC's claim for declaratory judgment regarding its duty to defend and indemnify is dismissed with leave to amend.

### III.   CONCLUSION

For the reasons stated above, defendant Charles S. Messick's motion to dismiss is **granted with leave to amend**.  Any further amended complaint must be filed **within twenty-one days**.

This order resolves ECF No. 13.

IT IS SO ORDERED.

DATED:  June 8, 2022.

                                                                 CHIEF UNITED STATES DISTRICT JUDGE