1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FINANCIAL INDEMNITY COMPANY,            No.  2:21-cv-01585-DAD-AC

12                Plaintiff,

13          v.                                ORDER DENYING DEFENDANT JON
                                              MESSICK'S MOTION TO DISMISS
14   CHARLES S. MESSICK, et al.,
                                              (Doc. No. 29)
15                Defendant.

16

17          This matter is before the court on a motion to dismiss pursuant to Federal Rule of Civil

18   Procedure 12(b)(6) filed on behalf of defendant Jon Messick, as the personal representative of the

19   Estate of Charles S. Messick.  (Doc. No. 29.)  The pending motion was taken under submission

20   by the previously assigned district judge on August 15, 2022.  (Doc. No. 34.)[1]  For the reasons

21   explained below, defendant's motion to dismiss will be denied.

22                              **BACKGROUND**

23          Plaintiff Financial Indemnity Company alleges the following in the operative second

24   amended complaint ("SAC").  On November 18, 2018, Charles C. Messick ("the driver") lost

25   control of the car he was driving, rolled down an embankment, and collided with a fence in

26   Moffat County, Colorado.  (Doc. No. 26 at ¶ 14.)  Charles S. Messick ("the passenger") was

27
     _____

28   [1]  On August 25, 2022, this case was reassigned to the undersigned.  (Doc. No. 36.)

                                         1

1    riding in the car and sustained "catastrophic injuries" from the accident.  (*Id.*)  The driver died a

2    week later, on November 25, 2018, as a result of injuries he sustained from the accident.[2]  (*Id.*)

3            At the time of the accident, plaintiff alleges that the driver was a "listed driver"—i.e., an

4    insured—on a one-year California commercial vehicle insurance policy that was issued by

5    plaintiff on March 15, 2018 ("insurance policy" or "insurance contract").[3]  (*Id.* at ¶ 8.)  The

6    insurance policy also included Charles S. "Merrick"—not "Messick"—as a "listed driver," which

7    plaintiff alleges was "an obvious scrivener's error," and the passenger was intended to be a listed

8    driver.  (*Id.* at ¶ 7.)  Importantly, the insurance policy contains an exclusion ("Exclusion 19")

9    providing that "coverage does not apply" to "[b]odily injury to any insured person."  (*Id.* at ¶ 11.)

10   The insurance policy does include coverage for when an uninsured or underinsured motorist

11   harms an insured.  (*Id.* at ¶ 12.)

12           After the accident occurred, plaintiff alleges that the passenger asserted a claim against the

13   driver seeking damages for bodily injuries arising out of the accident.  (*Id.* at ¶ 15.)  The claim

14   was tendered to plaintiff in its capacity as the driver's insurer.  (*Id.*)  Plaintiff alleges it denied

15   coverage for the passenger's claim against the driver on the grounds that the passenger was an

16   insured under the insurance policy, and, thus, as an insured, coverage was barred under Exclusion

17   19.  (*Id.*)  The passenger then asserted a separate claim, as an insured, to plaintiff.  (*Id.* at ¶ 16.)

18   Plaintiff alleges that the passenger maintained that he was entitled to the policy's

19   uninsured/underinsured coverage because plaintiff's previous denial of coverage under Exclusion

20   19 rendered the vehicle involved in the accident an "uninsured vehicle" with respect to the

21   passenger.  (*Id.*)  In response to this claim, on October 6, 2020, plaintiff alleges it paid the

22   passenger $1,000,000.00, which was the maximum for the uninsured/underinsured coverage in

23   the insurance policy.  (*Id.*)

24   /////

25

26   [2]  On March 14, 2022, counsel for Charles S. Messick, the passenger, informed the court that his
     client also passed away.  (Doc. No. 20.)  On March 22, 2022, the court substituted Jon Messick,
27   the administrator of Charles S. Messick's estate, as a defendant in this case.  (Doc. No. 22.)

28   [3]  A copy of the insurance policy is attached to the SAC.  (Doc. No. 26-1.)

Approximately six months later, on May 13, 2021, plaintiff alleges that the passenger sued the driver's estate in Colorado state court, seeking damages for bodily injury based on the driver's alleged negligent and reckless operation of the vehicle.[4]  (*Id.* at ¶ 17.)  That state court action was also tendered to plaintiff for the purpose of defending the driver's estate.  (Doc. No. 26 at ¶ 18.)

On September 3, 2021, plaintiff initiated this action against the driver's estate and the passenger asserting a single claim of declaratory relief under 28 U.S.C. § 2201 seeking a declaration that under the insurance policy it had no duty to defend or indemnify the driver's estate as to the claims asserted against it by the passenger.  (Doc. No. 1 at ¶¶ 19–21.)  On October 1, 2021, plaintiff filed a first amended complaint ("FAC") adding a second claim for relief, specifically, a claim for reformation of contract under state law to correct the reference to "Merrick" in the insurance policy to "Messick."  (Doc. No. 6 at ¶ 23–26.)  In the SAC, plaintiff asserts the same two claims as were in the FAC brought against defendant driver's estate and defendant Jon Messick, as the personal representative of the Estate of Charles S. Messick (i.e., the passenger's estate).[5]  Specifically, plaintiff's first claim seeks a declaration that plaintiff has no duty to defend or indemnify the driver's estate against claims by the passenger because those claims are barred under Exclusion 19, and due to the "obvious scrivener's error" regarding the passenger's name in the insurance policy, the court can, as a matter of contract interpretation, construe the policy as referring to Charles S. Messick, the passenger, as opposed to someone named "Merrick."  (Doc. No. 26 at ¶¶ 19–25.)  Plaintiff's second claim is for reformation of contract based on a mutual mistake with respect to the misspelling of "Merrick," for which plaintiff contends the applicable statute of limitations has been tolled.  (*Id.* at ¶¶ 26–29.)

/////

---

[4]  A copy of the complaint in the state court action is attached to the SAC.  (Doc. No. 26-2.)

[5]  On November 3, 2021, the clerk entered default against defendant driver's estate.  (Doc. No. 12.)  In a footnote to its opposition to the pending motion, plaintiff explained that the parties have met and conferred regarding the need for a motion for default judgment against the driver's estate.  (Doc. No. 30 at 2 n.2.)  Plaintiff explained that counsel has agreed that based on the issues raised in the pending motion to dismiss, it appears that there is a potential for inconsistent judgments as between the driver and the passenger and that, accordingly, a motion for default judgment against the driver's estate should not be brought at this time.  (*Id.*)

On June 9, 2022, the previously assigned district judge issued an order granting a motion to dismiss filed on behalf of the defendant Jon Messick.  (Doc. No. 24.)  In the court's prior order, it found that plaintiff's contract reformation claim was facially barred under the applicable statute of limitations and that plaintiff had failed to plausibly allege in the FAC a theory that would have tolled the applicable limitations period.  (Doc. No. 24 at 6.)  The court also concluded that because plaintiff's claim for contract reformation was not plausibly alleged, the passenger was not an "insured" at the time of the accident and thus plaintiff's first claim for declaratory judgment failed to state a cognizable legal theory.  (*Id.* at 7–8.)  In granting the motion to dismiss, the court did, however, grant leave to amend.  (*Id.* at 8.)

On June 29, 2022, plaintiff filed the SAC.  (Doc. No. 26.)  On July 12, 2022, defendant Jon Messick filed a motion to dismiss the SAC in its entirety.  (Doc. No. 29.)  Plaintiff opposed the pending motion to dismiss on July 26, 2022 (Doc. No. 30), and defendant Jon Messick filed his reply thereto on August 3, 2022 (Doc. No. 31).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not

4

require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**ANALYSIS**

The court will first address defendant Jon Messick's argument that plaintiff's claim for reformation of contract is barred by the applicable statute of limitations.  The court will then address whether plaintiff has plausibly alleged his claim for declaratory relief under the insurance contract.

**A.      Reformation of Contract**

The prior order dismissing plaintiff's FAC with leave to amend explained as follows.  Under California law, the statute of limitations for a reformation claim based on mistake is three years.[6]  *See* Cal. Civ. Proc. Code § 338(d); *N. Star Reinsurance Corp. v. Superior Ct.*, 10 Cal. App. 4th 1815, 1818 (1992); *see also G & G Prods. LLC v. Rusic*, 902 F.3d 940, 946 (9th Cir. 2018) (explaining that federal courts sitting in diversity apply state statutes of limitation and tolling rules).  The statute of limitations begins to run when the aggrieved party discovers, or by reasonable diligence, should have discovered, the mistake.  *See* Cal. Civ. Proc. Code § 338(d); *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 139 F. Supp. 3d 1141, 1165 (E.D. Cal. 2015).  Because a person who signs a contract has a duty to read it, a contracting party should discover mistakes at the time the contract is executed.  *See John Hancock Mut. Life Ins. Co. v. Cohen*, 254 F.2d 417, 423 (9th Cir. 1958) (noting "one who is presented with an insurance policy has the duty to read it" and finding this duty applies equally to the company issuing the policy); *Lennar Mare*

---

[6]  In the prior order, the previously assigned district judge conducted a choice-of-law analysis and determined that California law applies to this insurance policy.  (Doc. No. 24 at 3–4.)

*Island,* 139 F. Supp. 3d at 1165 (finding that the insurer should have discovered a mistake at the time of signing the insurance contract).

Here, plaintiff seeks to reform the insurance policy to correct the mistake of misspelling "Messick" as "Merrick."  It appears undisputed that this mistake could have been discovered on the day that the insurance policy was issued on March 15, 2018.  (*See* Doc. Nos. 26 at ¶¶ 6–7; 30 at 2.)  As such, a straightforward application of the three-year statute of limitations for a reformation of contract claim based on the mistake would be barred because the complaint asserting this claim was not filed until September 3, 2021, which is nearly six months past the March 15, 2021 deadline that would result from application of a three-year limitations period. However, plaintiff now alleges in its SAC and argues in its opposition to the pending motion, that emergency rules promulgated by the Judicial Council of California as a result of the COVID-19 pandemic tolled the applicable limitations period for 178 days from April 6, 2020 to October 1, 2020.  (Doc. Nos. 24 at ¶ 34; 30 at 10–11.)  The practical effect of the adoption of this argument would be that the limitations period would be extended to September 9, 2021, and if the SAC related back to the filing date of the original complaint—September 3, 2021—then plaintiff's reformation of contract claim would be timely.

Emergency rule 9(a) provides that "[n]otwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."  Judicial Council of Cal., Emergency Rules Related to COVID-19.[7] "By its terms, '[e]mergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action.'"  *Palacios v. Interstate Hotels & Resorts Inc.*, No. 21-cv-05799-TSH, 2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021) (quoting Judicial Council of Cal., advisory comm. comment to emergency rule 9).  The Judicial Council of California also issued a press release regarding a minor revision and clarification to emergency rule 9 wherein it stated that "[t]he rule is broad in scope and applies to all civil causes of action."

---

[7]  *See* https://www.courts.ca.gov/documents/appendix-i.pdf (last accessed March 23, 2023). The court takes judicial notice of these emergency rules under Federal Rule of Evidence 201.  *See Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) (taking judicial notice of judicial notice of "official information posted on a governmental website").

*Id.* (quoting *Judicial Council Revises Emergency Rule on Statutes of Limitations in Civil Cases*, Judicial Council of Cal. (May 29, 2020)).[8]

In the pending motion, defendant Jon Messick does not dispute the applicability of emergency rule 9 to state law claims brought in federal court. Instead, he argues that assuming emergency rule 9 tolled the limitations period for 178 days, the SAC would not relate back to the filing of the original complaint.[9] (Doc. No. 29 at 7–10.) As an initial matter, the court finds that emergency rule 9 applies to plaintiff's state law claim for contract reformation because state law controls statutes of limitations, as well as their "integrally related" tolling rules, when a federal court is sitting in diversity jurisdiction. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). California rules of court, which are adopted by the Judicial Council of California pursuant to authority provided to it by the state constitution, "have the force of law" so long as

---

[8]  *See* https://newsroom.courts.ca.gov/news/judicial-council-revises-emergency-rule-statutes-limitations-civil-cases. The court takes judicial notice of the Judicial Council of California's press release regarding the emergency rules under Federal Rule of Evidence 201. *See Moreland Apartments Assocs. v. LP Equity LLC*, No. 5:19-cv-00744-EJD, 2019 WL 6771792, at *3 n.3 (N.D. Cal. Dec. 12, 2019) (finding that documents that are "publicly available on government websites" are subject to judicial notice).

[9]  Defendant Jon Messick also argues that plaintiff exceeded the scope of the leave to amend that was granted by the court in its prior order granting defendants' motion to dismiss. (Doc. No. 29 at 5–6.) Specifically, defendant Jon Messick contends that the scope of the permitted amendment was "explicitly limited" to plaintiff pleading that its contract reformation claim was tolled via the discovery rule and that the alleged scrivener's error could be corrected via contract interpretation. The court does not find that argument to be persuasive and rejects the contention that the scope of the leave to amend granted by the court was so narrow or explicit. Although the court explicitly granted plaintiff leave to amend its complaint to allege facts supporting both of those theories, nothing in the court's order explicitly limited leave to amend to *only* those theories. The order clause merely stated that the "motion to dismiss is granted with leave to amend" without any limitations on the scope of that leave, nor did the order even state that leave to amend was limited to the deficiencies identified in the court's order. (Doc. No. 24 at 4.) Where the district court has not identified the scope of the leave to amend, it would be an abuse of discretion to strike additional allegations as beyond an undefined scope. *See Mercado Latino, Inc. v. Indio Prod., Inc.*, 649 F. App'x 633, 635 (9th Cir. 2016); *see also Olsen v. Hortica Ins. Co.*, No. 5:21-CV-03891-EJD, 2023 WL 2277007, at *3 (N.D. Cal. Feb. 27, 2023) (rejecting an argument that three new claims were outside the scope of leave to amend even when the court's prior order stated that plaintiff had "leave to amend to address the deficiencies described" in its order due to Rule 15(a)'s liberal policy toward amendments of pleadings before trial). For this reason, the court rejects Jon Messick's argument that plaintiff exceeded the scope of the leave to amend granted by the court when plaintiff alleged an alternative basis for the tolling of the statute of limitations.

they are not inconsistent with a state statute.  *California Ct. Reps. Assn. v. Jud. Council of California*, 39 Cal. App. 4th 15, 22 (1995) (collecting cases); *see also Pumphrey v. Battles*, No. 21-cv-09005-JSC, 2023 WL 1769185, at *3 (N.D. Cal. Feb. 3, 2023) ("Emergency Rule 9 is state law that broadly tolled all civil statutes of limitations.").  Here, the parties did not identity, nor has the court located, any conflict between emergency rule 9 and a relevant state statute.  In addition, several district courts have found that emergency rule 9 is to be applied to toll the statute of limitations for state law claims proceeding in federal court.  *See, e.g.*, *Palacios*, 2021 WL 4061730, at *4 (finding that emergency rule 9 extended the time for the filing of plaintiff's state law claims brought under the Fair Employment and Housing Act); *Cai v. CMB Exp. LLC*, No. 22-cv-02025-MWF-JPR, 2022 WL 17080172, at *6 (C.D. Cal. Oct. 4, 2022) (finding that emergency rule 9 applied to toll claims brought pursuant to California law); *Varlack v. Ohio Sec. Ins. Co.*, No. 22-cv-02478-VC, 2023 WL 2012836, at *1 (N.D. Cal. Feb. 15, 2023) ("Federal courts have consistently applied Emergency Rule 9 to toll the statute of limitations for California state law claims.") (collecting cases); *see also Porter v. Yuba City Police Officers Hansen*, No. 2:20-cv-01554-KJM-DB, 2022 WL 1460124, at *2 (E.D. Cal. May 9, 2022) (finding that emergency rule 9 tolled the statute of limitations period for a 42 U.S.C. § 1983 claim borrowing a California statute of limitations period); *Pumphrey*, 2023 WL 1769185, at *3 (same).[10]  Accordingly, the court concludes that it is appropriate to apply the 178 days of tolling provided for by emergency rule 9, from April 6, 2020 to October 1, 2020, to plaintiff's state law claim for reformation of contract.

Next, because the court has found that the deadline for plaintiff to bring its reformation of contract claim is September 9, 2021, the court must now determine whether the filing of the SAC relates back to the filing of the original complaint (September 3, 2021), which did not include that claim.  Under Federal Rule of Civil Procedure 15(c)(1), "amendments made after the statute of

---

[10]  The court did identify one district court sitting in diversity that did not apply emergency rule 9, but that district court did so, in part, because it found that Mexican law applied in determining the applicable statute of limitations period.  *See Shubin v. Universal Vacation Club*, No. 2:22-cv-2748-RSWL-AGR, 2022 WL 3577247, at *3 (C.D. Cal. Aug. 18, 2022).  Thus, the court finds that the decision in *Shubin* is distinguishable from this case where California law clearly provides the applicable statute of limitations period.

limitations has run may 'relate back' to the date of the original pleading when the amended

pleading arises 'out of the conduct, transaction, or occurrence set out—or attempted to be set

out—in the original pleading.'"[11]  *Hebner v. McGrath*, 543 F.3d 1133, 1137–38 (9th Cir.

2008) (quoting Fed. R. Civ. P. 15(c)(1)).  "An amended claim arises out of the same conduct,

transaction, or occurrence if it 'will likely be proved by the "same kind of evidence" offered in

support of the original pleading.'"  *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th

Cir. 2014) (cited omitted).  "The relation back doctrine of Rule 15(c) is 'liberally applied.'"  *Id.*

(citation omitted).

Here, the court easily concludes that plaintiff's reformation of contract claim arises out of

the same "conduct, transaction, or occurrence" set forth in the original pleading.  Notably, the

original complaint sought a declaration of rights under the same insurance contract involving the

same parties as the operative SAC.  (*Compare* Doc. No. 1 *with* Doc. No. 26.)  In addition, the

underlying insurance contract was appended as an exhibit to the original complaint itself (as well

as the operative SAC), including the page containing the misspelling of "Merrick" instead of

"Messick."  (*See* Doc. No. 1-1 at 7.)  The original complaint also specifically alleged that

"Charles C. Messick and Charles S. Messick are included in the Declarations to the [insurance

contract] as Listed Driver(s)," which made them both an "insured" person, and thus Exclusion 19

of the contract dictated that plaintiff was not obligated to provide coverage.  (Doc. No. 1 at ¶¶ 7,

---

[11]  Under Rule 15(c)(1)(A), "[a]n amendment to a pleading relates back to the date of the original
pleading when . . .  the law that provides the applicable statute of limitations allows relation
back."  Fed. R. Civ. P. 15(c)(1)(A).  According to the Ninth Circuit, "Rule 15(c)(1) incorporates
the relation back rules of the law of a state when that state's law provides the applicable statute of
limitations and is more lenient."  *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191,
1200 (9th Cir. 2014).  However, "California and federal law are similar with respect to the
relation-back doctrine" and, in fact, "California courts look to federal decisions in applying the
doctrine."  *Pointe San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch,
LLP*, 195 Cal. App. 4th 265, 277 & n.5 (2011) (explaining that under California law, "[a]n
amended complaint relates back to an earlier complaint if it is based on the same general set of
facts, even if the plaintiff alleges a different legal theory or new cause of action").  Not only does
it appear that California law and federal law regarding relation back of a new claim between the
same parties is materially identical, but also if relation back was not permitted under California
law, then the court would still be required to consider whether the new claim could relate back
under federal law pursuant to Rule 15(c)(1)(B).  For these reasons, the court will confine its
relation back analysis to federal law.

10.)  As such, these alleged facts set forth in the original complaint indicate that Charles S. Messick's (the passenger) status as an insured was a critical fact for resolving the declaratory relief claim.  In the SAC, plaintiff merely added a new claim to correct the alleged scrivener's error with respect to "Merrick" as opposed to "Messick" appearing in the insurance contract, but the new claim still involves the same parties, the same contract, and even the exact same provisions of the contract as alleged in the original complaint.  Accordingly, the court concludes that the two pleadings "share a common core of operative facts" and as a result defendants had "fair notice of the transaction, occurrence, or conduct called into question."  *ASARCO*, 765 F.3d at 1004.[12]

For the reasons explained above, defendant Jon Messick's motion to dismiss plaintiff's reformation of contract claim will be denied because the applicable limitations period deadline was tolled until September 9, 2021, and plaintiff's operative SAC relates back to the filing of the original complaint on September 3, 2021.  Thus, plaintiff has plausibly alleged a timely reformation of contract claim.

**B.      Declaration Regarding Plaintiff's Duty to Defend or Indemnify**

In plaintiff's first claim for relief, it seeks a declaration that it has no duty to defend or indemnify defendant driver's estate under the insurance contract because both the driver and the passenger were insured under that policy and that Exclusion 19 therefore excludes coverage for insureds who are legally liable to other insureds for bodily injury.  (Doc. No. 26 at ¶¶ 19–25.)

Defendant Jon Messick argues that plaintiff's first cause of action for declaratory relief, to the extent it is based on contract interpretation to remedy the misspelling of "Messick" as "Merrick," has no basis in California contract law.  (Doc. No. 29 at 11.)  According to defendant Jon Messick, "there is no legal basis to alter the written terms of a contract except by way of reformation."  (*Id.*; *see also* Doc. No. 31 at 3–4.)  In opposition, plaintiff argues that based on

---

[12]  Because the court has concluded that plaintiff's contract reformation claim was timely filed based upon the tolling of the limitations period under emergency rule 9 and application of relation back principles, it need not address plaintiff's alternative basis for tolling, i.e., that the underlying insurance contract was "executory," or defendant Jon Messick's arguments advanced in opposition to this theory of the tolling of the limitations period.  (*See* Doc. Nos. 26 at ¶ 35; 29 at 10–11.)

1   general principles of contract interpretation under California law, along with the allegations in the

2   SAC that the date of birth and driver's license number adjacent to the individual "Merrick" are

3   those of the passenger, then the court can address the "obvious scrivener's error" "without

4   reformation" of the contract.  (Doc. No. 30 at 2–3.)

5        Having found that plaintiff has plausibly asserted a claim for contract reformation,

6   specifically, to reform the reference to the insured person of Charles S. "Merrick" to "Messick,"

7   the court concludes that plaintiff has plausibly asserted a claim for declaratory relief to determine

8   whether it is obligated under the insurance contract to defend or indemnify defendant driver's

9   estate for the state court suit brought against the driver's estate by the passenger.  *See Am. States*

10  *Ins. Co. v. Kearns*, 15 F.3d 142, 144–45 (9th Cir. 1994) (finding that a claim for declaratory relief

11  to be a proper procedural vehicle for an insurer seeking a declaration regarding its duty to defend

12  and indemnify its insured in a pending state court liability suit).  In light of the court's finding that

13  plaintiff has plausibly asserted a timely claim for contract reformation, the court concludes that it

14  would be premature at this junction to address plaintiff's alternative theory for correcting the

15  scrivener's error, i.e., that a court can fix the misspelling under ordinary rules of contract

16  interpretation, when plaintiff's reformation of contract claim is plausibly alleged and remedies

17  that error for purposes of determining the parties' rights under the insurance contract.

18  Accordingly, defendant Jon Messick's motion to dismiss plaintiff's declaratory relief claim will

19  be denied.

20       **CONCLUSION**

21       For the reasons explained above, defendant Jon Messick's motion to dismiss (Doc. No.

22  29) is denied.  Within twenty-one (21) days from the date of entry of this order, defendant Jon

23  Messick shall file a responsive pleading and the parties shall meet and confer regarding further

24  scheduling of this case and shall file a joint status report to inform the court of their proposal for

25  case scheduling.

26       IT IS SO ORDERED.

27  Dated:  __**March 28, 2023**__           _Dale A. Drozd_

28                             UNITED STATES DISTRICT JUDGE